UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
RONALD STREET,                                              :
:
:
                            Petitioner,                     :
:                  05 Civ. 8278 (GEL)
            -v-                                             :
:                  **OPINION AND ORDER**
JOHN DONNELLIE,                                             :
:
                            Respondent.                     :
:
-----------------------------------------------------------x

GERARD E. LYNCH, District Judge:

Ronald Street, a New York State prisoner, petitions for habeas corpus to challenge his conviction after a bench trial for sale of a controlled substance, and resulting sentence, as a second felony offender, to imprisonment for four and a half to nine years. Street argues that the evidence was insufficient to support his conviction, and that his sentence is cruel and unusual. As his arguments do not establish a constitutional violation, the petition will be denied.

At Street's trial, an undercover police officer testified that Michael Gonzalez offered to "take [him] to my boys" to purchase crack. (Trial Tr. 42-43.) According to the officer, Gonzalez and the officer met Street and Raheem Edwards. After Gonzalez negotiated with Edwards, Edwards nodded to Street, who took a "twist" of crack from his mouth and handed it to Edwards, who passed it to the officer in exchange for ten dollars. (Id. at 43.) Within two minutes of this transaction, Edwards and Street were arrested a few blocks away. The undercover officer positively identified Street, whom he had dealt with at close range just minutes before, and who was distinctively dressed in bright yellow sweatpants and a red hooded sweatshirt. (Id. at 53-54.)

This evidence is plainly sufficient to support the trial court's finding of guilt. Street's vociferous assertion of innocence is based largely on attacking the credibility of the undercover officer's identification, and arguing that the court should instead have believed the testimony of Gonzalez and Edwards, both of whom had pleaded guilty, and who exonerated Street. However, it is not the function of the federal courts on habeas corpus to review the fact-finder's conclusion as to the relative credibility of the conflicting testimony of prosecution and defense witnesses. Rather, a challenge to the sufficiency of the evidence must be rejected if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "[A]ssessments of the weight of the evidence or the credibility of witnesses are for the [factfinder at trial] and not grounds for reversal on [habeas] appeal." Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).[1] Indeed, since the state appellate courts rejected Street's constitutional insufficiency claim on the merits, see People v. Street, 791 N.Y.S.2d 418 (1st Dep't 2005), this Court may only grant habeas if the finding of sufficiency constituted an "unreasonable application" of Jackson. 28 U.S.C. § 2254(d)(1). Far from being unreasonable, the Appellate Division's decision correctly applied the governing Supreme Court precedent.

Street's Eighth Amendment argument – which in any event is procedurally defaulted because it was never raised in the state courts – is equally unavailing. Reasonable people may

---

[1] To the extent that Street claims his conviction was against the weight of the evidence, that claim is purely one of state law, for which habeas review is not available. Douglas v. Portuondo, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002); Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001).

differ as to the wisdom of sentencing an offender to as much as nine years in prison based on a single $10 drug sale. Nevertheless, it is for the New York Legislature, and not for this Court, to resolve such disagreements. Street is a recidivist with three felony and five misdemeanor convictions, and was released from prison on the very afternoon of the night of the crime. He received the minimum sentence permitted by state law. In light of the Supreme Court's affirmance of the constitutionality of extremely long sentences for narcotics violations, see Harmelin v. Michigan, 501 U.S. 957, 996 (1991), Street's sentence, though harsh, cannot be found to be cruel and unusual within the meaning of the Eighth Amendment.[2]

Accordingly, the petition for habeas corpus is denied. As Street has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111–13 (2d Cir. 2000) (upholding issue of a certificate of appealability upon finding of a substantial showing that a constitutional right had been denied). The Clerk is respectfully directed to docket petitioner's reply papers, which were mailed directly to chambers.

SO ORDERED.

Dated: New York, New York
February 8, 2006

GERARD E. LYNCH
United States District Judge

---

[2] Street's reply papers, for the first time, make passing reference to a claim of ineffective assistance of counsel. The only arguably coherent claim, made in entirely conclusory form, is an objection that counsel failed to cross-examine witnesses. The claim, which was never presented to the state courts, is unexhausted and, since it is based on the trial record, procedurally defaulted. In any case, Street does not indicate what additional cross-examination would have been valuable. There is no basis in the record before this Court for a finding of ineffective assistance.

3